1   **FARUQI & FARUQI, LLP**
    DAVID E. BOWER (SBN 119546)
2   10866 Wilshire Boulevard, Suite 1470
    Los Angeles, California 90024
3   Telephone: (424) 256-2884
    Facsimile: (424) 256-2885
4   dbower@faruqilaw.com

5

6   *Attorneys for Plaintiff*

            **UNITED STATES DISTRICT COURT**
7
            **CENTRAL DISTRICT OF CALIFORNIA**
8

9

10  DAVID JONES, Individually and on        Case Number:
    Behalf of All Others Similarly
11  Situated,                               CV12-02642 JFW (JCx)

12                  Plaintiffs,             **CLASS ACTION COMPLAINT**

13      vs.                                 I.   **Magnuson-Moss Warranty Act**
                                            II.  **Unjust Enrichment**
14  APPLE, INC., a California corporation   III. **Breach of Express Warranty**
    and DOES 1-10,                          IV.  **Breach of Implied Warranty of**
15                                               **Merchantability**
                                            V.   **California Consumer Legal**
16                  Defendants.                  **Remedies Act**
                                            VI.  **California Unfair Competition**
17                                               **Laws**
                                            VII. **California False Advertising**
18                                               **Laws**
19

20
                                            **JURY TRIAL DEMANDED**
21

22

23

24

25

26

27

28

---
                                1
                      CLASS ACTION COMPLAINT

1    Plaintiff, David Jones, is an individual residing in the state of California
2  ("Plaintiff"), and by his attorneys, alleges upon personal knowledge as to his own
3  acts, and as to all other matters upon information and belief based upon, *inter alia*,
4  the investigation made by and through his attorneys, as follows:

5  <u>**SUMMARY OF THE ACTION**</u>

6    1.    This is a class action brought by Plaintiff against defendant Apple, Inc.
7  ("Apple" or "Defendant") for unfair, unlawful, deceptive, and misleading practices
8  conducted in violation of California State, Federal, and common law.  This action
9  involves Apple's iPhone 4S (the "iPhone 4S").

10    2.    Apple is headquartered in California and markets the iPhone 4S
11  nationwide.

12    3.    Apple's iPhone 4S is the latest version of the iPhone smartphone and is
13  marketed by Apple as superior to earlier versions of its iPhone smartphones,
14  including the iPhone 4, based primarily on the inclusion of the voice activated
15  "intelligent personal assistant" feature called "Siri" (the "Siri Feature").  Indeed, the
16  Siri Feature is the primary distinguishing feature between the iPhone 4S and the
17  iPhone 4, as the two versions are virtually identical in all other regards.

18    4.    Through its nationwide multimedia marketing campaign, Apple
19  disseminates false and deceptive representations regarding the functionality of the
20  Siri Feature. Apple's misrepresentations are designed to cause consumers to purchase
21  the iPhone 4S over other smart phones.

22    5.    For example, in many of Apple's television commercials, consumers are
23  shown using Siri to make appointments, find restaurants, and even to learn the guitar
24  chords to classic rock songs.  In its advertisements, Apple depicts these tasks as easily
25  accomplished "just by asking" Siri.  In truth, the depictions in Apple's deceptive
26  commercials diverge greatly from the actual functionality and operation of the Siri
27  Feature as experienced by Plaintiff and fellow consumers.

28

6.      On January 25, 2012, Apple issued its financial results for its fiscal 2012 first quarter ending December 31, 2011. Apple reported selling approximately 37 million iPhones for the quarter.  Of the 37 million iPhones sold that quarter, almost 33 million or 89% were the iPhone 4S, which Apple sells at a premium over the price of its iPhone 4. Because the iPhone 4S's Siri Feature does not perform as represented, the iPhone 4S is essentially an overpriced iPhone 4. For example, according to Apple's website, an iPhone 4S starts at $ 199, while the iPhone 4 starts at $99.[1]

7.      Defendant's misrepresentations regarding the Siri Feature are misleading, false, reasonably likely to deceive and have deceived Plaintiff and members of the putative Class.

8.      Defendant knew or should have known that the iPhone 4S and Siri Feature do not function as represented in its advertisements, marketing materials, and warranties disseminated in Apple's nationwide marketing and advertising campaign.

9.      Therefore, Plaintiff seeks relief and damages in this action individually and on behalf of the Class (defined below) pursuant to the Magnuson-Moss Act, 15 U.S.C. § 2301, *et. seq.*, for unjust enrichment, breach of express warranty, fraudulent concealment, common law and California's Consumer Legal Remedies Act (California Civil Code §§ 1750, et seq.) and violations of the California Unfair Competition Laws (California Business & Professions Code §§ 17200, et seq.)

**THE PARTIES**

10.      Plaintiff is an individual living and working in Los Angeles county and in the state of California.  Plaintiff purchased an iPhone 4S phone in December 2011, with the Siri function at a retail store in Woodland Hills, California.   Plaintiff purchased his iPhone 4S while relying on Apple's representations regarding the utility of the Siri feature.

---

[1]   See http://store.apple.com/us/browse/home/shop_iphone/family/iphone/iphone4s (last accessed March 7, 2012); http://store.apple.com/us/browse/home/shop_iphone/family/iphone/iphone4 (last accessed March 7, 2012).

11.     Defendant Apple is a California corporation with its principal place of business located at One Infinite Loop, Cupertino, California 95014.  Apple designs, manufactures, and markets various consumer electronics products, including personal computers, portable MP3 players, tablet computers, and smart phones.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)  because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

14.     Venue lies within this judicial district under 28 U.S.C. § 1391(a) and (c) because Defendant's contacts are sufficient to subject it to personal jurisdiction in this District, and therefore, Defendant resides in this District for purposes of venue.

## FACTUAL BACKGROUND

**A.    Apple And Its Deceptive Marketing**

15.     In the fall of 2011, Apple began marketing the iPhone 4S and placed an emphasis on the Siri Feature as distinguishing the iPhone 4S from its predecessor, the iPhone 4.

16.     In an October 4, 2011 press release from Apple, defendants introduced the iPhone 4S and touted the new Siri Feature, stating:

… Siri, an intelligent assistant that helps you get things done just by asking. Siri understands context allowing you to speak naturally when you ask it questions, for example, if you ask "Will I need an umbrella this weekend?" it understands you are looking for a weather forecast. Siri is also smart about using the personal information you allow it to access, for example, if you tell Siri "Remind me to call Mom when I get home" it can find "Mom" in your address book, or ask Siri "What's the traffic like around here?" and it can figure out where "here" is based on your current location. Siri helps you make calls, send

text messages or email, schedule meetings and reminders, make notes, search the Internet, find local businesses, get directions and more. You can also get answers, find facts and even perform complex calculations just by asking.

17.     Apple's deceptive marketing of the iPhone 4S includes television commercials depicting consumers using the Siri Feature to schedule appointments, locate businesses, and even learn guitar chords. Four of the seven most recent iPhone 4S television commercials, which are also featured on Apple's website, focus solely on Siri.[2]

18.     For example, one commercial shows a couple on a road trip asking Siri various questions, including "Where is the best barbeque in Kansas City?," "Is there a rodeo in Amarillo today?," and "How big is the Grand Canyon?"  In response to one question, "[Are there] any gas stations we can walk to?," Siri answers, "I found two gas stations fairly close to you," and displays the name and rating of two gas stations on the individual's iPhone 4S screen.  When asked "What does Orion look like?" Siri responds with a map of the Orion constellation and states, "I found this for you." [3]

19.     In another commercial by Apple marketing the iPhone 4S a guitar player asks Siri how to play the song "London Calling" and how to play a "B Minor Ninth" chord.  In response Siri responds with the proper notes, chord, and sheet music[4][F1].

20.     Apple's deceptive marketing campaign includes various misrepresentations made on its website.  On its website, Apple uses the Siri Feature as a major selling point for the iPhone 4S. For example, on the "iPhone" tab of Apple's website, consumers are exposed to a welcome screen

---

[2]  http://www.apple.com/iphone/videos/ (last accessed March 7, 2012).
[3]  Apple Inc., TV Ads," http://www.apple.com/iphone/videos/#tv-ads-roadtrip (last accessed on March 7, 2012).
[4]  Apple Inc., "TV Ads," http://www.apple.com/iphone/videos/#tv-ads-rockgod (last accessed on March 7, 2012).

that states, "Introducing Siri. The intelligent assistant that's there to help. Just ask. Ask Siri to make calls, send texts, set reminders, and more.  Just talk the way you talk.  Siri understands what you say and knows what you mean."[5]

21.    Apple's website also contains a video entitled "IPhone 4S Video," which promotes the iPhone 4S and the Siri Feature.  The iPhone 4S video purports to demonstrate the Siri Feature and its capabilities. For example, when asked, "Find me an Italian restaurant in North Beach," Siri replies, "OK these 25 Italian restaurants are in North Beach" and displays the name and star rating of 25 Italian restaurants located in North Beach on the screen of the iPhone 4S.  The iPhone 4S video also depicts a jogging man asking Siri to reschedule a meeting to 12 p.m., to which Siri responds, "Note that you already have a meeting about budgets at 12 p.m." The iPhone 4S video also features Scott Forstall, Senior Vice President of iOS Software, who states, "[Siri is] like this amazing assistant that listens to you, understands you, can answer your questions and can even accomplish tasks for you. . . . A lot of devices can recognize the words you say, but the ability to understand what you mean and act on it, that's the breakthrough with Siri." [6]

22.    On January 25, 2012, Apple reported selling approximately 37 million iPhones for the fiscal 2012 first quarter ending December 31, 2011.[7] According to a recent blog post regarding the iPhone, approximately 89% of the 37 million iPhones sold that quarter were iPhone 4S's.[8]  The blog post estimates that approximately 42% of current iPhone 4S users cancelled their contracts with their carriers in order to purchase the iPhone 4S.[9]   A Consumer Intelligence Research poll of 6,316,365

---

[5] *See* http://www.apple.com/iphone/ (last accessed on March 7, 2012).
[6] Apple Inc., "Watch the iPhone 4S video," http://www.apple.com/iphone (last accessed on March 7, 2012).
[7] Apple Inc., Form 10-Q Quarterly Report dated Jan. 25, 2012, http://investor.apple.com/secfiling.cfm?filingID=1193125-12-23398&CIK=320193
[8]  See http://www.theiphoneblog.net/iphone-4s-contributed-89-of-total-us-iphone-sales/ (last accessed on March 7, 2012).
[9]  *Id.*

iPhone users found that from October 2001 through the end of 2011, 36% of iPhone 4S users had switched from a different smartphone platform.[10]

**B.    The iPhone 4s's Siri Feature Does Not Function As Advertised**

23.    Soon after purchasing his iPhone 4S, Plaintiff discovered that the Siri Function did not work as advertised.  For example, Plaintiff would ask Siri for directions to a certain location, or to pinpoint a business, and Siri either would not understand what Plaintiff asked, or, after a long wait, provided the wrong answer. Plaintiff's problems with the Siri Function have occurred repeatedly when using the iPhone 4S.

24.    Upon information and belief, Plaintiff's problems with the Siri Function are not unique to Plaintiff and have been experienced by other members of the putative class.

25.    In addition to the fact that the Siri Function does not function as advertised, a recent report has warned that continuous usage of the Siri Function dramatically increases an iPhone 4S users' monthly data usage, and can easily push users over the allotted data usage on their data plans.[11]

26.    On the "Learn More About Siri" page of its website, Apple states, "Siri is currently in beta and we'll continue to improve it over time."[12]   However, a significant amount of Apple's marketing and advertising campaign for the iPhone 4S, including its multiple television commercials, fail to disclose the Siri Feature's "beta" status and that the Siri Feature is not a finished product.  Instead, consumers must follow a series of links on Apple's website, including a footnote at the bottom of a page[13], in order to discover that the Siri Function is not a finished product and rather is in "beta" development

---

[10] http://www.phonearena.com/news/Breaking-down-Apple-iPhone-4S-buyers-with-statistics_id26184 (last accessed on March 7, 2012).

[11]   Jacqui Cheng, Siri, how much data do you gobble up in a month?, Ars Technica, http://arstechnica.com/apple/news/2011/11　/how-data-heavy-is-siri-on-an-iphone-4s-ars-investigates.ars   (last accessed on March 7, 2012).

[12] http://www.apple.com/iphone/features/siri-faq.html (last accessed on March 7, 2012).

[13] See n. 1, http://www.apple.com/iphone/features/#siri (last accessed on March 7, 2012).

1  status.14   The fact that the Siri feature is still in "beta" status shows defendant had
2  actual or constructive knowledge of the iPhone 4S's shortcomings prior to its distribution.

3      27.   Apple fails to disclose to consumers that the interactions with the Siri
4  Feature depicted in its television commercials are fabricated dramatizations and that
5  consumers cannot reasonably expect the Siri Feature to perform the tasks performed in
6  Apple's commercials when using actual iPhone 4S products.

7      28.   The information withheld from Plaintiff and the other Class members is
8  material and would be considered and relied upon by a reasonable person before
9  purchasing the product, as are the misrepresentations regarding the Siri Feature, all as
10 more detailed herein.

11 **C.**   **Plaintiff's Claims Against Apple**

12     29.   Plaintiff is a resident of California who purchased Apple's iPhone 4S
13 believing the Siri Feature would function as advertised.

14     30.   Plaintiff relied upon and was misled by Apple's misrepresentations
15 regarding the functionality of the Siri Feature.

16     31.   Apple's misrepresentations regarding the functionality of the Siri Feature
17 were material to Plaintiff and members of the Class (as defined below) when they
18 purchased the iPhone 4S.   Plaintiff and members of the Class did not receive the
19 benefit of the bargain from their purchases because the Siri feature does not function
20 as advertised.   Accordingly, Plaintiff and members of the Class suffered injury in fact
21 and lost money as a result of Apple having misrepresented the functionality of the
22 Siri Feature.   But for Apple's misrepresentations regarding the Siri Feature, Plaintiff
23 and members of the Class would not have paid the increased purchase price for the
24 iPhone 4S.

25
26
27

28  [14]  http://www.apple.com/iphone/features/siri-faq.html (last accessed on March 7, 2012).

## CLASS ACTION ALLEGATIONS

32. Plaintiff bring this action on behalf of themselves and all others similarly situated, as a class action suit pursuant to Fed. R. Civ. P. 23.

33. The classes Plaintiff seek to represent are as follows:

34. All persons who, within the State of California, purchased an iPhone 4S (the "California Class")

35. All persons who, within the United States, purchased an iPhone 4S (the "Class").

36. Members of the Class are so numerous that their individual joinder herein is impracticable.  Members of each of these classes number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery in the course of this action.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Apple and third party retailers and vendors.

37. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

      1.     whether Apple violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

      2.     whether Apple was unjustly enriched by its conduct;

      3.     whether Apple breached an express warranty made to Plaintiff and the Class;

      4.     whether Apple breached the implied warranty of merchantability in regard to Plaintiff and the Class;

      5.     whether Apple advertises, or markets the iPhone 4S in a way that is false or misleading;

6.      whether the iPhone 4S failed to conform to the representations, which were published, disseminated and advertised to Plaintiff and the Class;

7.      whether Apple concealed from Plaintiff and the Class that the iPhone 4S did not conform to its stated representations;

8.      whether, by the misconduct set forth in this Complaint, Apple has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of the iPhone 4S;

9.      whether Apple violated the California Consumer legal Remedies Act;

10.     whether Apple violated California's Unfair Competition Laws;

11.     whether Class members suffered an ascertainable loss as a result of the Apple's misrepresentations; and

12.     whether, as a result of Apple's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

38.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Apple's wrongful conduct. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained economic injury arising out of Apple's violations of common and statutory laws as alleged herein.

39.     Plaintiff is an adequate representative of the Class because his interest does not conflict with the interests of the other Class members he seeks to represent, he has retained counsel who are competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

40.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual

1   Class member may lack the resources to undergo the burden and expense of individual

2   prosecution of the complex and extensive litigation necessary to establish Apple's

3   liability.   Individualized litigation increases the delay and expense to all parties and

4   multiplies the burden on the judicial system that is presented by the complex legal and

5   factual issues of this case.   Individualized litigation also presents a potential for

6   inconsistent or contradictory judgments.  In contrast, the class action device presents far

7   fewer management difficulties and provides the benefits of single adjudication, economy

8   of scale, and comprehensive supervision by a single court on the issue of Apple's

9   liability.   Class treatment of the liability issues will ensure that all claims and

10  claimants are before this Court for consistent adjudication of the liability issues.

11  <u>**COUNT I**</u>

12  **Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.***

13       41.     Plaintiff and Class members reallege and incorporate by reference each

14  allegation set forth above and further allege as follows.

15       42.     Plaintiff brings this claim individually and on behalf of the members of the

16  Class against Defendant.

17       43.     The iPhone 4S is a consumer product as defined in 15 U.S.C. §2301(1).

18       44.     Plaintiff and Class members are consumers as defined in 15 U.S.C.

19  §2301(3).

20       45.     Defendant Apple is a supplier and warrantor as defined in 15 U.S.C.

21  §2301(4) and (5).

22       46.     In connection with the sale of the iPhone 4S, Apple issued written

23  warranties as defined in 15 U.S.C. §2301(6), which warranted that the Siri Feature

24  would operate as advertised.

25       47.     By reason of Apple's breach of the express written warranties regarding the

26  functionality of the Siri feature, Apple has violated the statutory rights due Plaintiff and

27

28

Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging Plaintiff and Class members.

## COUNT II

### Unjust Enrichment

### (Brought on Behalf of the Class)

48.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

49.     Plaintiff brings this claim individually and on behalf of the members of the Class.

50.     "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the Apple was unjustly enriched.  At the core of each state's law are two fundamental elements – that Apple received a benefit from the Plaintiff and it would be inequitable for the Apple to retain that benefit without compensating the Plaintiff.  [F2]

51.     Plaintiff and Class members conferred a benefit on Apple by purchasing the iPhone 4S.

52.     Apple has been unjustly enriched in retaining the revenues derived from Class members' purchases of the iPhone 4S, which retention under these circumstances is unjust and inequitable because Apple misrepresented the functionality of the Siri Feature when in fact the Siri Feature does not operate as advertised.

53.     Because Apple's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Apple must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT III

### For Breach of Express Warranty
### (Brought on Behalf of the Class)

54.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

55.     Plaintiff brings this claim individually and on behalf of the members of the Class.

56.     Apple, as the designer, manufacturer, marketer, distributor, or seller, expressly warranted that the iPhone 4S's Siri Feature would function as advertised.

57.     In fact, the Siri Feature is a work in progress that does not function in the way represented in Apple's advertisements.

58.     Plaintiff and Class members were injured as a direct and proximate result of Apple's breach because:  (a) they would not have purchased the iPhone 4S on the same terms if the true facts regarding the functionality of the Siri Feature had been known; (b) they paid a price premium due to the misrepresentations regarding the iPhone 4S; and (c) iPhone 4S did not have the attributes, characteristics, functionality or value as promised.

## COUNT IV

### For Breach of Implied Warranty of Merchantability

### (Brought on Behalf of the Class)

59.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class.

61.     Apple' iPhone 4S was accompanied by an implied warranty of merchantability when sold, pursuant to California Civil code § 1792.

13
CLASS ACTION COMPLAINT

62.    California Civil Code §1791.l(a) states in relevant part: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

    1. Pass without objection in the trade under the contract description.

    2. Are fit for the ordinary purposes for which such goods are used.

    3. Are adequately contained, packaged, and labeled.

    4. Conform to the promises or affirmations of fact made on the container or label.

63.    The Apple iPhone 4S, Siri Feature would not pass without objection in the smart phone trade business.

64.    The Apple iPhone 4S, with the Siri Feature, is not fit for the ordinary purpose for which it was sold.  The iPhone 4S with the Siri Feature was purchased by consumers to perform as it was advertised, to be an "intelligent assistant" to perform multiple tasks in response to voice commands, which it simply does not do.

65.    The Apple iPhone 4S is not properly labeled to warn of the deficiencies and problems associated with its use and the increased data usage involved with its use.  Apple failed to adequately warn consumers of these issues.

66.    Had Plaintiff and the members of the Class known the true facts, they either would not have purchased the Apple iPhone 4S or would not have been willing to pay the premium price Defendants charged for Apple iPhone 4S.

67.    Plaintiff and the class seek injunctive relief pursuant to California Civil Code § 1794.

68.    Plaintiff and the class also seeks an award of attorneys' fees and costs under California Civil Code § 1794.

## COUNT V

### California Consumer Legal Remedies Act

### (Brought on Behalf of the California Class)

70.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

71.    Defendant committed deceptive trade practices in connection with the misconduct herein alleged, including through its acts of fraudulent concealment.  Such acts include Defendant's intentional concealment from Plaintiff and other consumers among the general public that the Siri Feature of the iPhone 4S does not function as advertised.

72.    Plaintiff and all members of the class of individuals referenced herein are "consumers" as that term is defined in California Civil Code § 1761(d) of the California Consumer Legal Remedies Act (*CLRA* herein).

73.    Defendant's conduct described herein, including its violation of its duty to disclose and its fraudulent concealment of defects in the iPhone 4S, constitute deceptive trade practices in violation of the CLRA, California Civil Code §§ 1750, et seq.

74.    Defendant's deceptive acts described herein were directed at consumers such as Plaintiff.

75.    Defendant's deceptive acts described herein were misleading in a material way.

76.    Defendants knew, or should have known, that its representations and advertisements regarding the iPhone 4S were false and would mislead the public, including Plaintiff.

77.    A CLRA notice letter was served on Defendant Apple, Inc. which complies in all respects with California Civil Code § 1782(a). Plaintiff sent Apple, Inc. a letter *via* certified mail, return receipt requested, advising Apple, Inc., that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the

goods alleged to be in violation of California Civil Code § 1770.  Apple, Inc. was further advised that in the event that the relief requested has not been provided within thirty (30) days, Plaintiff will amend this Complaint to include a request for monetary damages pursuant to the CLRA.

78.    As a proximate result of Defendant's deceptive acts, Plaintiff and the public, including the Class, have been damaged.

79.    Plaintiff also seek injunctive relief for this violation of the CLRA.

80.    Plaintiff seek attorney fees and costs as allowed by law.

## COUNT VI
## CALIFORNIA UNFAIR COMPETITION LAW
### (California Business & Professions code §§ 17200, et seq.)

81.    Plaintiff realleged and incorporate by this reference, the previous allegations of this complaint as if set forth here in full.

82.    Plaintiff brings this claim against Defendant on behalf of the members of the Class under California law.

83.    Defendant, Apple, Inc. is subject to the Unfair Competition Law (*UCL*), California Business & Professions Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ." The UCL also provides for injunctive relief and restitution for violations.

84.    Defendant, Apple, Inc. committed acts of unfair competition by the acts, omissions, misrepresentations and fraudulent and deceptive practices and actions as alleged above, violating the common law as well as federal and California consumer protection statutes in, all constituting violations of the UCL.

85.    Apple's conduct is unfair in that the harm to Plaintiff and the Class arising from Apple's conduct outweighs the utility, if any, of those practices.

86.     Apple's conduct, described herein, violates the "fraudulent" prong of the UCL by representing that the iPhone 4S, and the Siri Function would act as an "intelligent assistant" and otherwise specifically as alleged in the factual renditions set forth in this complaint, when, in fact it does not perform in the manner advertised.

87.     Plaintiff and members of the Class have suffered injury and actual out of pocket losses as a result of Apple's unfair, unlawful, and fraudulent business acts and practices because: (i) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased if they knew the truth about the product; and (ii) Plaintiff and the Class were induced to pay substantially more for the iPhone 4S, than another product without the Siri Feature.

88.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the Class are therefore entitled to: (a) an Order requiring Apple to cease the acts of unfair competition alleged herein; (b) an Order requiring corrective disclosures; (c) full restitution of all monies paid to Apple, Inc. as a result of its deceptive practices; (d) interest at the highest rate allowable by law; and (e) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

## COUNT VII

## FALSE ADVERTISING

### (California Business & Professions Code §§ 17500, et seq.)

89.     Plaintiff realleges and incorporate by this reference, the previous allegations of this complaint as if set forth here in full.

90.     Plaintiff bring this claim against Defendant on behalf of the members of the Class under California law.

91.     California's False Advertising law (Bus. & Prof. Code § 17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any

other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

92.    Defendant Apple, Inc. committed acts of false advertising, as defined by § 17500, by using false and misleading statements to promote the sale of the iPhone 4S, as described above.

93.    Apple, Inc. knew or should have known, through the exercise of reasonable care that the statements were untrue and misleading.

94.    Defendant Apple, Inc.'s actions in violation of California Business & Professions Code § 17500 were false and misleading such that the general public was likely to be deceived.

95.    As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff bring this action pursuant to California Business & Professions Code § 17535 for injunctive relief to enjoin the practices described herein, to require Apple, Inc. to issue corrective disclosures to consumers, and for restitution.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all others similarly situated, requests that the Court enter judgment against Defendant, as follows:

1.    For an order certifying the nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and his attorneys as Class Counsel to represent the Class members;

2.    For an order declaring that Apple's conduct violates the statutes referenced herein;

3.    For an order finding in favor of the Plaintiff and the Class, on all counts asserted herein;

4.    For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

5.    For prejudgment interest on all amounts awarded;

6.    For an order of restitution and all other forms of equitable monetary relief;

7.    For injunctive relief as pleaded or as the Court may deem proper; and

8.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

9.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 26, 2012

**FARUQI & FARUQI, LLP**

By: _____

David E. Bower (119546)

10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

-and-

Nadeem Faruqi
Juan Monteverde
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

I, David Jones, declare as follows:

1.     I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts herein and if called as a witness, I could and would testify competently thereto.

2.     This is a proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the transaction alleged occurred in the US Central District of California because I bought my phone in Woodland Hills California, which is located in the Central District jurisdiction I purchased the phone at a Verizon store and know that these phones are available for sale quite readily in this District.  I use the phone almost exclusively within this District and in the county of Los Angeles and I filled out all paperwork and all agreements and paid for the phone and within this Central district of California.  I am also informed and believe and have seen several stores, owned by the Defendant, Apple, Inc. which sell and service these phones and other products as well.

3.     I purchased *the iPhone 4S*, from a retail store in Woodland Hills California.  Based on the product label and product advertising claims, I was led to believe that the iPhone 4S contained a voice activated "intelligent personal assistant" feature called "Siri" (the "Siri Feature") which would provide an voice activated services providing directions, information and other instructional and informational feedback.  The product label and advertising claims were a substantial factor influencing my decision to purchase the iPhone 4S with the Siri Feature.  I would not have purchased this product if I had known that product advertising claims were false and misleading.  If I had not been exposed to product advertising regarding the Siri Function and its capabilities, I would not have purchased the product with this feature.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 22, 2012, in Los Angeles , California.

_____
David Jones

Name & Address: David E. Bower (119546)
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Tel: (424) 256-2884  Fax: (424) 256-2885
E-mail: dbower@faruqilaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID JONES, Individually and on Behalf of All Others Similarly Situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV12-02642 JFW(JCX) |
| v. | |
| APPLE, INC., a California corporation and DOES 1-10, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _David E. Bower_____, whose address is _10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                MAR 2 7 2012                    Clerk, U.S. District Court

Dated: _____       By: _____
                                                      Deputy Clerk

                                              (Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

CV-01A (10/11)                              SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA** 
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DAVID JONES, Individually and on Behalf of All Others Similarly Situated, | APPLE, INC., a California corporation and DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David E. Bower (119546) of FARUQI & FARUQI, LLP<br>10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024<br>Tel: (424) 256-2885  Fax: (424) 256-2885 | |

**BY FAX**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 2031 et seq  Breach of Warranty as to use of product sold by defendant

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-02642**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
       **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  March 26, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 2642 JFW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.